**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **JORGE EDUARDO OLAGUE LUNA,**<br>**Petitioner,**<br><br>**v.**<br><br>**MARY DE ANDA-YBARRA**, *Field Office Director, El Paso Field Office, Immigration and Customs Enforcement, in his official capacity, et al.,*<br>**Respondents.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-02218-DB** |

**ORDER**

On August 26, 2026, Petitioner Jorge Eduardo Olague Luna ("Petitioner") filed a "Petition for Writ of Habeas Corpus" ("Petition"), ECF No. 1. Petitioner is currently detained at the El Paso Processing Center in the Western District of Texas. ECF No. 1 at 3. He argues his detention is unlawful and asks the Court to order his release. *Id.* at 9.

Petitioner is a Mexican national who entered the United States in 2024. ECF No. 1 at 2. Upon arrival, he was apprehended by immigration officials, then released. *Id.* On January 25, 2026, Petitioner was detained and taken into immigration custody for the first time since his entry in 2024. *Id.* at 3. He subsequently filed a habeas petition in the Western District of Texas, Austin Division, which was later granted by U.S. District Judge Robert Pitman. ECF No. 1-6 at 1. In his order, Judge Pitman directed Respondents to immediately release Petitioner. *Id.* at 11. He also enjoined Respondents from "further detaining Petitioner without first conducting a bond hearing . . . ." *Id.* at 11. On May 27, 2026, Petitioner was ordered removed by an immigration judge ("IJ"). ECF No. 7 at 10. Petitioner appealed that decision to the Board of Immigration Appeals which remains pending. *Id.* On or about August 14, 2026, Petitioner was re-detained by Respondents at a New Mexico airport. ECF No. 1 at 3. To date, Petitioner has not received a bond hearing before

an IJ. *See id.* at 5. Petitioner asserts, among other things, that his detention violates his due process rights because he has a fundamental liberty interest in being free from official restraint and is being deprived of an individualized hearing justifying his detention. *Id.* at 4–5.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, 806 F.Supp.3d 690 (W.D. Tex. 2025) (holding that petitioner, who was re-detained after being released on his own recognizance, was entitled to an individualized hearing justifying his detention); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025) (holding that petitioner, who entered the United States without inspection but was later detained by immigration officials, was entitled to an individualized hearing justifying his detention); *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506 (W.D. Tex. Feb. 9, 2026) (holding that petitioner, who was re-detained after being released on humanitarian parole, was entitled to an individualized hearing justifying his detention). Yet, in their response, ECF No. 7, filed on September 9, 2026, Respondents fail to discuss any of the Court's previous procedural due process decisions or offer any meaningful reasons why this case warrants a different outcome.[1]

[1] On July 2, 2026, a Fifth Circuit panel issued an opinion in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir.), ECF No. 160, wherein it held noncitizens like the named petitioners have due process rights and the "Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." The panel opinion was vacated on July 10, 2026, when the Fifth Circuit granted rehearing *en banc*. Thereafter, on July 21, 2026, the Fifth Circuit issued a short order granting the Government's motion for stay of the district court judgments pending rehearing *en banc*. *See Sosnava Rodriguez v. Ortega*, No. 26-50183, (5th Cir.), ECF No. 199. Respondents previously argued the *Sosnava* stay order mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered. *See e.g.*, Federal Respondents' Opposed Motion to Stay the Court's Order, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 28, 2026), ECF No. 7. This is an argument this Court has rejected. *See* Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31, 2026), ECF No. 10. On August 27, 2026, the Fifth

Instead, Respondents offer the same template arguments this Court has already rejected. *Compare* Response, ECF No. 4 *with Zafra*, 2025 WL 3239526 (rejecting Respondents' argument that Petitioner is receiving or has received due process afforded through removal proceedings in immigration court); *Hassen*, 2026 WL 446506 (rejecting Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(1) as a noncitizen initially placed in expedited removal proceedings, then transferred to full removal proceedings after establishing a credible fear of persecution or torture); *Morales-Quirino v. De Anda-Ybarra,* No. EP-26-CV-00323-DB (W.D. Tex. Feb. 17, 2026) (rejecting Respondents' argument that the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026) forecloses petitioner's procedural due process challenge); *Rodriguez v. Bondi*, No. EP-26-CV-00292 (W.D. Tex. Feb. 25, 2026) (rejecting Respondents' argument that, pursuant to the immigration entry fiction, petitioner was not entitled to due process, despite being released by DHS); *Diaz Yanez v. Noem*, No. EP-26-CV-486 (W.D. Tex. March 4, 2026) (rejecting Respondents' argument that petitioner's procedural due process claim is foreclosed by the Supreme Court's decision in *Connecticut Department of Public Safety v. Doe*, 538 U.S. 1 (2003); Order Denying Motion to Stay, *Jimenez Ravelo v. De Anda-Ybarra*, No. EP-26-CV-01892-DB (W.D. Tex. July 31,

---

Circuit granted the Government's request to stay three district court judgments granting noncitizens habeas relief on due process grounds following the *Sosnava* stay order, ECF No. 199. *See* Order, *Tolentino-Rodriguez v. Blanche*, No. 26-20424 (5th Cir.), ECF No. 32. Respondents now assert that the stay order entered in *Tolentino-Rodriguez* clarifies that "the Fifth Circuit's intent behind the application of the [*Sosnava*] stay order is precedential and should apply to other cases addressing the same legal issues." ECF No. 7 at 7. This Court is unpersuaded. The Fifth Circuit's stay order in *Tolentino-Rodriguez*, ECF No. 32, provides no reasoning, mandate, or clarification regarding the effect of the *Sosnava* stay on habeas petitions pending before the lower courts. Accordingly, this Court's previous interpretation and decision regarding the *Sosnava* stay's effect remains unchanged absent clear direction otherwise.

2026), ECF No. 10 (rejecting Respondents' assertion that the Fifth Circuit's stay order, ECF No. 199, in *Sosnava Rodriguez v. Ortega*, No. 26-50183 (5th Cir. July 21, 2026) mandates this Court to cease granting any immigration habeas relief under due process principles until an *en banc* decision is rendered). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Therefore, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner's "Petition for Writ of Habeas Corpus," ECF No. 1, is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL** immediately release Petitioner under conditions of supervision no more restrictive than those in place prior to the detention at issue in this case **no later than September 11, 2026.**[2]

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court of Petitioner's release **no later than September 15, 2026.**[3]

[2] Considering Respondents clear violation of Judge Pitman's order enjoining Respondents from re-detaining Petitioner without first conducting a bond hearing, *see* ECF No. 1-6 at 1, the Court exercises its "broad discretion" to order Petitioner's immediate release rather than a bond hearing. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

[3] The parties are advised that if any of the deadlines ordered herein fall on a Saturday, Sunday, or legal holiday, the compliance period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

**IT IS FURTHER ORDERED** that Respondents **SHALL RETURN** all personal property in their custody to Petitioner upon release. Such property includes, but is not limited to, identification documents.

**IT IS FINALLY ORDERED** that, following Petitioner's release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **no later than September 17, 2026.**

**SIGNED** this **10th** day of **September 2026**.

**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**